# Marcus Hook Constable.

*Constables—Appointment—Boroughs—Jurisdiction of Quarter Sessions.*

Where the president judge of the Court of Quarter Sessions appoints a constable on the petition of citizens of a borough, and later on the same day the additional law judge, without knowledge of the action of the president judge, appoints another person as constable on a petition presented by other citizens of the borough, and subsequently this appointment is revoked and thereafter a petition is presented by four members of the council of the borough praying for the appointment of the person named by the additional law judge, an order of the Quarter Sessions refusing this petition and confirming the appointment made by the president judge will not be reversed on appeal.

Submitted Nov. 19, 1917.   Appeal, No. 207, Oct. T., 1917, by the Borough of Marcus Hook, from order of Q. S. Delaware Co., Dec. T., 1916, No. 260, refusing to revoke appointment of constable In the Matter of the Appointment of High Constable for the Borough of Marcus Hook.   Before ORLADY, P. J.; PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Petition for the appointment of a constable for the Borough of Marcus Hook.

BROOMALL, J., filed the following opinion:

The following are the facts in this contention, as disclosed by the petitions and answer, and from our own knowledge.

1. On March 2, 1917, a petition of qualified electors of the Borough of Marcus Hook, addressed to the judges of the Court of Quarter Sessions, was presented to Judge JOHNSON at his chambers in Media, setting forth that there was a vacancy in the office of high constable in said borough, caused by the resignation of William B. Long, and praying for the appointment of Horace Smith to

fill the vacancy, thereupon Horace Smith was appointed to fill the vacancy by the court, and the appointment was filed in the office of the clerk of the court on the same day.

2. Subsequently on March 2, 1917, a petition of citizens and qualified electors of the Borough of Marcus Hook, addressed to the judge of the Court of Quarter Sessions, was presented to Judge BROOMALL, at his chambers in Chester, setting forth that there was a vacancy in the office of high constable in said borough, caused by the resignation of William B. Long, and praying for the appointment of John T. Reynolds to fill the vacancy, thereupon John T. Reynolds was appointed to fill the vacancy by the court for the unexpired term of William B. Long, and the appointment was filed in the office of the clerk of the court on the same day.

3. The latter petition was signed by citizens among whom were the chief burgess and four members of council.

4. When this double appointment was made known to the two judges in session, on March 12, 1917, the appointment of John T. Reynolds was vacated by the court stating that the appointment had already been made, and the petition for his appointment was refused.

5. On March 12, 1917, a petition was presented to the court by the council of the Borough of Marcus Hook, praying for the appointment of John T. Reynolds as high constable to fill said vacancy, which was refused by the court, stating that the appointment had already been made.

6. On March 20, 1917, a petition was presented to the court by the council of the Borough of Marcus Hook, praying for the revocation of the appointment of Horace Smith, and alleging that his appointment was unlawful, whereupon a rule on Horace Smith was granted to show cause, which has been answered, averring that his appointment was lawful. This is the issue to be decided.

DISCUSSION.

By the sixteenth section of Art. I, Chapter 8, of the Act of May 14, 1915, P. L. 312, Stewart's Purdon, p. 5431, pl. 612, it is enacted that the office of high constable in boroughs shall be for terms of four years, commencing on the first Monday of January, 1916. Therefore the term to which William B. Long had been elected will expire on the first Monday of January, 1920, and by reason of his resignation, it became vacant. By the first section of Art. II, Chapter 8, of the Act of May 14, 1915, Stewart's Purdon, p. 5432, pl. 618, the Court of Quarter Sessions is given jurisdiction on the petition of borough council to fill vacancies in elective borough offices, until the next municipal election, and at the next municipal election, the vacancies are filled for the unexpired term. The court is not empowered to fill vacancies for unexpired terms on the petition of borough councils, but may at their instance fill such vacancies until the next municipal election. By the fourth section of the same chapter, the general jurisdiction is conferred on the Court of Quarter Sessions to fill a vacancy in the office of high constable for the unexpired term. This jurisdiction may be invoked by any interested person, and a resident being a member of the corporation is such interested person. If therefore the court is moved to fill a vacancy until the next election, it must be done on the petition of borough council, and if the court is moved to fill a vacancy for the unexpired term, it must be done on the petition of members of the corporation. The appointment of Horace Smith on March 2, 1917, by Judge JOHNSON was either valid or invalid. If valid, the application to revoke it cannot succeed; if invalid because it was done in chambers, then the appointment of John T. Reynolds by Judge BROOMALL, having also been made in chambers was likewise invalid. Then when the court ratified the appointment of Horace Smith on March 12, 1917, he became the legal appointee. This was neces-

Opinion of Court below—Opinion of the Court. [69 Pa. Superior Ct.

sarily for the unexpired term, because the court could not do otherwise.

The jurisdiction of the court to appoint for the unexpired term was moved before the jurisdiction to appoint until the next election. In fairness it should have precedence.

We therefore refuse to revoke the appointment of Horace Smith and the petition to revoke is refunded.

*Error assigned* was the order of the court.

*Albert Dutton MacDade,* for appellant.

*H. J. Makiver,* for appellee.

Per Curiam, March 2, 1918:

For the reasons stated in the opinion of the court below, the decree is affirmed.